track at their peril. While this may be deemed to have been modified by other parts of the charge, which stated that they had the right to be upon the track in the performance of their work and that it was their duty to exercise reasonable care, this broad statement could not but have been prejudicial to the interests of the plaintiff in the determination by the jury as to whether they had exercised reasonable care. If, however, this statement may be deemed so far to have been modified by other parts of the charge as to state fairly the rule of law, nevertheless the statement is clearly made that the defendant railroad company had a preference at this crossing. Within the authorities cited a trolley company has no prefer-ence over a traveler. I can see no reason why this plaintiff has not an equal right with a traveler. He is lawfully upon the highway at that crossing, and necessarily there in the performance of his work in the repair of the highway. I know of no reason, therefore, why the defendant should have any preference there which would compel the plaintiff to keep clear of the track at its peril. I dissent, therefore, from an affirmance of the judgment so far as the judgment dismisses the plaintiff's complaint.

---

In re WILKIN. (Supreme Court, Appellate Division, Fourth Department. March 14, 1906.) In the matter of the final judicial settlement of Anna M. C. Wilkin, as, etc., of James Cunningham, deceased.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

WILLIAMS, J., dissents.

---

WILLARD et al., Appellants, v. MARTIN, Respondent. (Supreme Court, Appellate Division, First Department. April 6, 1906.) Action by Eugene S. Willard and another against William R. H. Martin. J. A. Kelly, for appellants. H. A. Bayne, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

---

In re WILLIS AVE. BRIDGE. (Supreme Court, Appellate Division, First Department. April 6, 1906.) In the matter of Willis Avenue Bridge. No opinion. Motion for reargument denied. Leave to go to Court of Appeals granted. Settle order on notice.

---

WILSON v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Appeal from Trial Term, New York County. Action by Catherine A. Wilson against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed. Edward D. O'Brien, for appellant. Abel Crook, for respondent.

PER CURIAM. Judgment affirmed, with costs.

INGRAHAM, J. (dissenting). I do not concur in the affirmance of this judgment, as I think the charge, made at the request of the plaintiff, that, "it being proved that the plaintiff, a passenger in one of the defendant's cars, was thrown down by reason of the car in which she was riding coming in collision with another in front upon the same track, operated by the same defendant, the negligence of the defendant is presumed," was error which requires a reversal of the judgment. In the main charge the learned trial judge, after stating the general proposition that if the injury was sustained in consequence of the negligence of the defendant, without any fault or negligence on her part, the plaintiff was entitled to recover, and that the burden of proof was upon the plaintiff to establish by a preponderance of evidence that the injury, if any, which she received was due to the negligence of the defendant in the operation and management of the road controlled by it, said: "There are some other charges upon this phase of the case which will be taken up when I consider the requests from both sides, but I will not enlarge upon them now." The court, then charged, at the request of the defendant, that "no verdict can be rendered for plaintiff unless she has proved by a preponderance of credible testimony two things: (1) That the injury was received through the negligence of the defendant; (2) and that no negligence of plaintiff herself contributed in the slightest degree to her injury;" and that "if the motorman of the car in which the plaintiff was a passenger used reasonable care to bring his car to a stop instantly, and the accident was due to a mere error of judgment, without negligence, the verdict must be for the defendant;" and also, "if any presumption of negligence arising from the mere fact of collision of the cars has been rebutted by the evidence of the defendant, the burden of proving negligence of defendant causing her injury rests upon the plaintiff. If upon the whole evidence the conclusion of negligence or absence of negligence can be drawn with equal fairness, that burden is not discharged, and the verdict must be for the defendant." Then follows the charge at the request of the plaintiff to which attention has been called. The application of the maxim "res ipsa loquitur" which applies in this case is not a presumption, but a rule of evidence; and the application of the maxim to an action to recover for personal injuries is a rule of evidence. There is imposed upon a common carrier the obligation to use care and prudence in operating its road for the protection of its passengers, and where an injury results to a passenger, caused in the operation of the road in the control of its employés, the fact of the accident is evidence from which a jury can find that it was caused by negligence. It is not a presumption of negligence, but a question of the sufficiency of the evidence of negligence. The question of negligence is always one of fact to be determined from the evidence, and a verdict cannot be based upon a presumption of law that the defendant was negligent. The proper rule is stated in Cosulich v. S. O. Co., 122 N. Y. 127, 25 N. E. 261, 19 Am. St. Rep. 475: "But when the thing causing the injury is shown to be under the control of the defendant, and the accident is such as in the ordinary course of business does not happen if reasonable care is used, it does, in absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part." The whole subject of the application of the maxim "res